UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTON COUSINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00577-JPH-DLP |
| | ) | |
| THIEL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT,
SEVERING MISJOINED CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Anton Cousins, an inmate at Putnamville Correctional Facility ("PCF"), brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Because Mr. Cousins is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Counselor Thiel, Counselor Keys, and Mrs. Piper. Mr. Cousins is seeking compensatory damages.

On July 31, 2019, Mr. Cousins made a request to Counselor Thiel for a hygiene kit. Counselor Thiel denied this request and instructed Mr. Cousins to purchase a hygiene kit with his own funds. Mr. Cousins then submitted a grievance against Counselor Thiel for failing to provide him with a hygiene kit. Counselor Thiel subsequently initiated a prison discipline proceeding against Mr. Cousins in retaliation for the grievance.

On October 26, 2019, Mrs. Piper fired Mr. Cousins from his job in the prison barbershop for refusing to work during the Jewish sabbath day in violation of his sincerely held religious beliefs.

On August 24, 2020, Counselor Keys initiated a prison discipline proceeding against Mr. Cousins in retaliation for a grievance Mr. Cousins submitted against him relating to his ability to send outgoing mail.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

2

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The First Amendment protects prisoners from retaliatory actions that are likely to deter them from engaging in protected First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "Conduct that does not independently violate the Constitution can form the basis for a retaliation claim, if that conduct is done with an improper, retaliatory motive." *Hoskins v. Lenear*, 385 F.3d 372, 375 (7th Cir. 2005). An inmate may state a retaliation claim against a prison official by alleging the official initiated a discipline proceeding in retaliation for the inmate's use of the prison grievance system. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

Based on the screening standard set forth above, Mr. Cousins' First Amendment retaliation claim **shall proceed** against Counselor Thiel in his individual capacity.

## IV.
## SEVERENCE OF CLAIMS

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the Federal Rules of Civil Procedure allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action.

When a claim includes improperly joined claims, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Generally, a district court should sever those parties or claims, allowing those grievances to continue in spin-off actions,

rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). This is the remedy that will be applied to this complaint.

Mr. Cousins' claims against Mrs. Piper and Counselor Keys are not properly joined to the claims in this proceeding. Because they may state a claim upon which relief may be granted, these claims are severed and shall be considered in separate causes of action as follows:

A. **First New Cause of Action**

 1. "Anton Cousins" shall be the plaintiff.
 2. "Mrs. Piper" shall be the defendant.
 3. The Nature of Suit shall be 555.
 4. The Cause of Action shall be 42:1983pr.
 5. The amended complaint in this action, dkt. [13], shall be filed and re-docketed as the complaint in the first new action.
 6. The plaintiff's request to proceed in forma pauperis, dkt. [3], shall be filed and docketed in the first new action.
 7. A copy of the Order transferring this action from the United States District Court for the Northern District of Indiana, dkt. [14], shall be docketed in the first new action.
 8. A copy of this Order shall be docketed in the first new action.
 9. This action, the first new action, and the second new action shall be shown as linked actions.

B. **Second New Cause of Action**

 1. "Anton Cousins" shall be the plaintiff.
 2. "Counselor Keys" shall be the defendant.
 3. The Nature of Suit shall be 555.

4. The Cause of Action shall be 42:1983pr.

5. The amended complaint in this action, dkt. [13], shall be filed and re-docketed as the complaint in the first new action.

6. The plaintiff's request to proceed in forma pauperis, dkt. [3], shall be filed and docketed in the first new action.

7. A copy of the Order transferring this action from the United States District Court for the Northern District of Indiana, dkt. [14], shall be docketed in the first new action

8. A copy of this Order shall be docketed in the first new action.

9. This action, the first new action, and the second new action shall be shown as linked actions.

## V.
## SUMMARY AND SERVICE OF PROCESS

Mr. Cousins' First Amendment retaliation claim **shall proceed** against Counselor Thiel in his individual capacity. All other claims are **dismissed**.

The **clerk is directed** to open two new civil actions in accordance with the instructions set forth in Part IV of this Order. The **clerk is directed** to terminate Mrs. Piper and Counselor Keys as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Counselor Thiel in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED**.

Date: 12/22/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTON COUSINS
181047
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronic Service to the following IDOC defendant:

    Counselor Thiel – Putnamville Correctional Facility