UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTON COUSINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00577-JPH-DLP |
| | ) |
| MR. THIEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Anton Cousins is a former inmate of Putnamville Correctional Facility. He claims that Putnamville counselor Timothy Thiel retaliated against him in violation of the First Amendment for having complained to the Assistant Warden that Mr. Thiel refused to provide him with a hygiene kit. For the reasons that follow, Mr. Cousins's motion for summary judgment is **DENIED**, and Mr. Thiel's motion for summary judgment is **GRANTED**.

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Here, the parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* That's not necessary here, however, because even when all evidence is interpreted in Mr. Cousins's favor, Mr. Thiel is entitled to summary judgment.

## II. Factual Background

On July 31, 2019, Mr. Cousins sent Mr. Thiel a written request for a hygiene kit because he did not have enough money to purchase one on his own. Dkt. 13 at 3. On August 2, 2019, Mr. Thiel denied this request in person, informing Mr. Cousins that he was not entitled to be given a hygiene kit because he had a balance of $18.90 in his trust account and hygiene kits are only provided to inmates with $15.00 or less in their trust account. *Id.*; dkt. 76-2 at 58. Mr. Cousins attempted to tell Mr. Thiel "that the money was taken before he

2

could even spend it by [the Indiana Department of Correction]," but Mr. Thiel still denied his request. Dkt. 13 at 3.

Mr. Cousins's inmate trust account ledger shows that he received $18.90 in state pay on July 25, 2019, and on that same day $18.90 was deducted from his trust account for past postage and medical bills, a reentry account deduction, and an unidentified deduction. Dkt. 76-2 at 57. Another $3.01 was deducted from his account on July 29. *Id.* When Mr. Cousins requested a hygiene kit, his trust account had a balance of $0. *Id.*

Mr. Cousins submitted a Request for Interview form to the Assistant Warden that stated:

> Counselor Mr. Thiel in 13 North has a very bad attitude. I owe a lot of money to the prison so I never got to spend state pay at all. So I need soap. He told me he didn't care there was 18 dollars on my book, his words. How can you ask me to wash but don't give me soap or a way to buy it?

Dkt. 76 at 2; dkt. 76-2 at 3 (cleaned up).

Mr. Cousins submitted this Request for Interview form on August 2, 2019.[1] Dkt. 76 at 2. The response from prison officials, which is not signed or dated, says only: "State pay 7/25/19 $14.40 + $4.50 = $18.90." Dkt. 76-2 at 3.

On August 3, 2019, volunteers from Soul Harvest Church visited Putnamville and provided prisoners with bags that contained hygiene items, including soap, shampoo, a toothbrush, toothpaste, and body powder. Dkt. 13

---

[1] For summary-judgment purposes, the Court accepts Mr. Cousins's sworn statement on this point, though the form appears to be dated August 5 or August 8, 2019. Dkt. 76-2 at 3.

at 3; dkt. 76-2 at 34; dkt. 78-1 at 3, 8. Mr. Cousins received one of the bags and put the hygiene items in his property box. *Id.*

On August 7, 2019, Mr. Thiel searched Mr. Cousins' property box with correctional officer Thompson. Dkt. 13 at 3; dkt. 76 at 2; dkt. 76-2 at 59-60. During the search, Mr. Thiel found the hygiene items. Dkt. 76 at 5. Mr. Cousins told Mr. Thiel that he had received those hygiene items from the church group the past weekend. *Id.* Mr. Thiel thereafter submitted a Report of Conduct charging Mr. Cousins with lying. *Id.*; dkt. 78-1 at 8.

> Mr. Thiel has made a sworn statement describing the search:
>
>> I spoke with offender Cousins first in my office about his request for a state hygiene kit and how he did not qualify for one with over $15.00 on his account. Offender Cousins kept saying that he had zero hygiene and that I can look. I advised him that I will come look in his property box, but if he is lying, it will result in a conduct report, as someone living in the Honor Dorm should not lie or make any false statements. I only looked and searched his property box one time with Officer Thompson present and found hygiene items. Furthermore, as previously stated in Response No. 6, I was not aware of a church passing anything out. I wrote offender Cousins up for lying or providing a false statement to a staff member as he stated he had zero hygiene when he did.

Dkt. 76-2 at 59-60.

On August 7, 2019, Mr. Thiel submitted a Report of Conduct charging Mr. Cousins with "Lying or Providing a false statement." Dkt. 78-1 at 8. Mr. Cousins obtained a witness statement from prison official K. McMahon, who stated, "The hygiene in offender Cousins' property box was hygiene items passed out to all offenders through a volunteer group in the chapel. Cousins did not

qualify for a hygiene kit by policy—this was explained to offender Cousins after this incident by myself." *Id.* at 3. Based on McMahon's witness statement, the disciplinary charge was dismissed. *Id.* at 2.

### III. Discussion

The parties have filed cross motions for summary judgment. The issue is whether the designated evidence allows a reasonable jury to find that Mr. Thiel initiated a disciplinary proceeding against Mr. Cousins in retaliation for his filing a "Request for Interview" form.[2]

### A. Retaliation Standard

Courts apply a burden-shifting analysis to determine whether there is a triable issue of fact on a First Amendment retaliation claim. *Bless v. Cook County Sheriff's Office*, 9 F.4th 565, 571 (7th Cir. 2021). To make a *prima facie* case of retaliation, a plaintiff must demonstrate (1) that he engaged in a protected First Amendment activity; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) that the First Amendment activity was at least a motivating factor behind the adverse action. *Id.* If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to set forth a non-retaliatory reason for the adverse action. *Id.* at 573. If the defendant does

---

[2] In his summary-judgment motion, Mr. Cousins describes an incident involving his girlfriend that allegedly occurred in 2021. Dkt. 76 at 4. It was not alleged in the amended complaint filed in October 2020, and Mr. Cousins did not seek leave to amend or to file a supplemental complaint. *See* dkt. 13 at 2-3; Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Thus, the only alleged act of retaliation properly before the Court is the Conduct Report that Mr. Thiel filed on August 7, 2019.

so, the burden shifts back to the plaintiff to show that the defendant's proffered basis for the adverse action was a pretext, or a "phony excuse," that is unworthy of credence. *Id.* If the plaintiff designates evidence that would allow a reasonable factfinder to conclude that the defendant's stated reasons was a pretext, the plaintiff's claim would survive summary judgment and proceed to trial. *Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012).

### B. Analysis

Mr. Thiel argues that he is entitled to summary judgment because Mr. Cousins cannot meet his burden to show a prima facie case of retaliation and because Mr. Thiel had a legitimate, non-retaliatory basis for issuing the conduct report. Dkt. 79 at 9–11; *see Bless*, 9 F.4th at 571. Mr. Thiel does not dispute, at least for purposes of summary judgment, that Mr. Cousins engaged in protected activity when he filed the Request for Interview form complaining to the Assistant Warden. Therefore, the Court focuses on whether the designated evidence allows a reasonable jury to find that Mr. Cousins's filing of the Request for Interview was at least a motivating factor behind Mr. Thiel's filing the report of conduct. Dkt. 79 at 9.

Evidence that First Amendment activity was a "motivating factor" for an adverse action "may include suspicious timing, ambiguous statements, behavior, or comments directed at other[s] . . . in the protected group." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). "[S]uspicious timing alone will rarely be sufficient to create a triable issue because suspicious timing may be just that—

6

suspicious—and a suspicion is not enough to get past a motion for summary judgment." *Id.* at 681.

Here, Mr. Cousins has not designated evidence allowing a reasonable jury to find that Mr. Thiel wrote up the conduct report in retaliation for Mr. Cousins's Request for Interview complaining of Mr. Thiel's conduct. Mr. Cousins submitted the Request for Interview form on August 2, and Mr. Thiel wrote up the conduct report on August 7. Dkt. 76 at 2; dkt. 78-1 at 4, 8. But that shows only proximity in time, which is not enough, by itself, to create a reasonable inference that the Request for Interview form was a motivating factor for the conduct report to survive summary judgment. *See Manuel*, 966 F.3d at 681.

Indeed, in *Manuel*, the Seventh Circuit affirmed summary judgment for a prison official who allegedly retaliated against a prisoner by ordering a shakedown of his cell. 966 F.3d at 680. Some of the protected First Amendment activity—a conversation between the plaintiff and a different prison official—occurred nine minutes before the defendant ordered the shakedown. *Id.* The Seventh Circuit held that this evidence did not create a triable issue of fact about whether the protected First Amendment activity was at least a motivating factor for the shakedown. That's because the "proximity . . . does not create an inference that [the defendant] knew of the protected activity." *Id.* Moreover, a "non-retaliatory motive for the shakedown exist[ed]" there because the defendant "conducted the search based on contraband . . . that was found in his cell." *Id.* at 681. The suspicious timing was therefore "not enough to prove that [the

7

defendant] was motivated by the protected activity and the shakedown was retaliation." *Id.*

In this case, under *Manuel*, the proximity between the August 2 Request for Interview and the August 7 conduct report does not allow a reasonable jury to find that Mr. Thiel had a retaliatory motive for filing the conduct report. *Id.*

While Mr. Cousins's sworn brief alleges that the Assistant Warden sent the Request for Interview to Mr. Thiel, dkt. 76 at 2–3, there's no basis for personal knowledge supporting that allegation, or other evidence in support. *See Herzog v. Graphic Packaging Intern., Inc.*, 742 F.3d 802, 805 n.1 (7th Cir. 2014) (Affidavits "used to support or oppose a motion for summary judgment must be based on personal knowledge."). Similarly, Mr. Cousins's conclusory statement that Mr. Thiel's motive was retaliation, dkt. 76 at 2, is unsupported. *See Consolino v. Towne*, 872 F.3d 825, 830 (7th Cir. 2017) ("The affidavit presents nothing more than sheer speculation, and speculation is not enough to create a genuine issue of fact for the purposes of summary judgment."). The closest Mr. Cousins comes to showing that Mr. Thiel knew of the Request for Interview is an opaque statement that he asked Mr. Thiel for a "request" when they met about Mr. Cousins's hygiene request. Dkt. 76 at 3. But even if that referred to a Request for Interview form, it's too speculative to support a reasonable inference that Mr. Thiel knew that Mr. Cousins engaged in protected activity. *See Consolino*, 872

F.3d at 830.[3] As in *Manuel*, then, there is no evidence that Mr. Thiel was aware of Mr. Cousins's First Amendment protected activity.

Moreover, as in *Manuel*, Mr. Thiel had a non-retaliatory motive for the conduct report—he found hygiene items in Mr. Cousins's property box after Mr. Cousins claimed to have none. Dkt. 78-1 at 8. The designated evidence, viewed in Mr. Cousins's favor, is therefore "not enough to prove that [Mr. Thiel] was motivated by the protected activity." *Manuel*, 966 F.3d at 681. For these reasons, Mr. Cousins cannot satisfy his burden of establishing a prima facie case of retaliation. *See Bless*, 9 F.4th at 571.

Even if Ms. Cousins had established a prima facie case of retaliation, Mr. Thiel would be entitled to summary judgment because he has carried his burden of showing that he had a legitimate, non-retaliatory basis for bringing the report of conduct against Mr. Cousins—his reasonable belief that Mr. Cousins lied to him about not having hygiene supplies in his property box. *See* dkt. 79 at 9-11 (citing dkt. 78-1 at 8 (conduct report stating that Mr. Thiel searched Mr. Cousins's property box on August 7)).

The burden would then shift back to Mr. Cousins to provide evidence that this proffered basis is pretextual. *Coleman*, 667 F.3d at 845. Mr. Cousins's response—which is not sworn under penalty of perjury—designated no evidence from which a jury could reasonably conclude that Mr. Thiel's stated reasons for

---

[3] There's no allegation in this case that Mr. Thiel retaliated based on anything other than Mr. Cousins's filing of the Request for Interview complaining of Mr. Thiel's conduct. *See* dkt. 13 at 4 (amended complaint); dkt. 18 at 2 (screening order).

writing a conduct report against Mr. Cousins were pretextual.[4] Dkt. 85. Instead, Mr. Cousins focuses on his allegation that Mr. Thiel misunderstood and refused to investigate whether Mr. Cousins had sufficient funds in his trust account to purchase hygiene items. *See id.* at 1–3. But the balance of the trust account was not the reason for the report of conduct—it was instead based on Mr. Thiel's belief that Mr. Cousins lied when he said that "he had no hygiene." Dkt. 78-1 at 8 ("I advised him he was [lying] as he had items for hygiene."). Mr. Cousins admits that he had "soap that was passed out by a church" and has not designated evidence to dispute that he previously told Mr. Thiel he did not have any hygiene items. Dkt. 85 at 1–4. So even construing the designated evidence in Mr. Cousins's favor, no jury could reasonably conclude that Mr. Thiel's stated reason for writing a conduct report—his belief that Mr. Cousins lied—was pretextual. Mr. Thiel is therefore entitled to summary judgment.

Because Mr. Thiel is entitled summary judgment even when construing all facts in Mr. Cousin's favor, Mr. Cousins's cross-motion for summary judgment must be denied. Dkt. 76.

---

[4] Mr. Cousins's response has a section titled "Statement of material facts not in dispute" (surely intended to say "Statement of material facts in dispute), dkt. 85 at 2-4, but the facts listed in that section are not supported by citations to evidence as required. *See* S.D. Ind. L.R. 56-1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence."). The Court therefore accepts Mr. Thiel's statements of material facts on this point as undisputed. *See* docket 79 at 2-4; s*ee* S.D. Ind. L.R. 56-1(f) (facts as claimed and supported by the movant "are admitted without controversy except to the extent that . . . the non-movant specifically controverts the facts in that party's 'Statement of Material Facts in Dispute' with admissible evidence.).

## IV. Conclusion

For the reasons explained above, Mr. Thiel's motion for summary judgment, dkt. [78], is **GRANTED**, and Mr. Cousins' motion for summary judgment, dkt. [76], is **DENIED**. Final judgment will issue by separate entry.

**SO ORDERED**.

Date: 9/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Peter Andrew Inman
INDIANA ATTORNEY GENERAL
peter.inman@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov

ANTON COUSINS
JEFFERSON COUNTY JAIL
400 S. 6th St.
Louisville, KY 40202